NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In re Guardianship of Sonya M. Hawley.           )
_____ )
                                                 )
JAMES BATTERSON and PAMELA                       )
ARMSTRONG,                                       )
                                                 )
          Appellants,                            )
                                                 )
v.                                               )     Case No. 2D14-3260
                                                 )
ROBERT M. ELLIOTT, as Limited                    )
Guardian of the Person and Plenary               )
Guardian of the Property for Sonya M.            )
Hawley, and as Trustee for the Sonya M.          )
Hawley Revocable Trust dated June 17,            )
1997, and Successor Trustee for the              )
Sonya M. Hawley Revocable Trust                  )
dated December 6, 2013,                          )
                                                 )
          Appellee.                              )
_____ )

Opinion filed January 6, 2016.

Appeal from the Circuit Court for Sarasota
County; Deno G. Economou, Judge.

John J. Waskom and Mark Dungan of Icard,
Merrill, Cullis, Timm, Furen & Ginsburg,
P.A., Sarasota, for Appellants.

Logan Elliott of Elliott Law, P.A., Bradenton;
and Erika Dine and Sierra Pino of Dine Law,
P.L., Bradenton, for Appellee.

CASANUEVA, Judge.

James Batterson and Pamela Armstrong challenge an order removing Pamela Armstrong as trustee of the Sonya M. Hawley Revocable Trust dated December 6, 2013, and removing her as limited guardian of the person of Sonya M. Hawley. We conclude that the trial court had the authority to enter the order pursuant to section 744.1075(4)(b), Florida Statutes (2013), where it found that such action was necessary to protect the physical or mental health or property of Ms. Hawley. However, upon entering this order, the trial court was required to comply with section 744.1075(4)(a), which provides as follows:

> If the court finds probable cause, the court shall issue an order to show cause directed to the guardian or other respondent stating the essential facts constituting the conduct charged and requiring the respondent to appear before the court to show cause why the court should not take further action.

We therefore remand this case for the trial court to conduct further proceedings consistent with section 744.1075(4)(a). We note that on remand, the order to show cause must "specify the time and place of the hearing with a reasonable time to allow for the preparation of a defense after service of the order."[1] See id.

Affirmed; cause remanded with directions.

SILBERMAN and SLEET, JJ., Concur.

---

[1]The parties are cautioned against engaging in protracted unnecessary litigation at the ward's expense.